IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUESKY COMPANIES INC., a California corporation; PETER VILA; PAUL HUNTER; ANTHONY TULINO; and OLIVER MARKHAM HEALY III,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BRIAN HALL; BLUESKY COMPANIES, INC., a California corporation; and DOES 1-40, inclusive,<br><br>　　　　　Defendants. | Case No. 16-cv-02950-MMC<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION; AFFORDING PLAINTIFFS LEAVE TO AMEND** |

　　　　Before the Court is plaintiffs' complaint, filed June 2, 2016.  The Court, for the reasons discussed below, will dismiss said pleading for lack of subject matter jurisdiction and will afford plaintiffs leave to amend to allege, if they can, facts to support a finding of jurisdiction.

　　　　In the complaint, plaintiffs, who allege they are shareholders of BlueSky Companies, Inc. ("BlueSky"), assert as against defendant Brian Hall, an individual alleged to be a director and officer of BlueSky, seven causes of action, each arising under state law.[1]  Plaintiffs seek relief in their individual capacities and also derivatively on behalf of BlueSky.  Plaintiffs allege the district court has diversity jurisdiction over the instant action.

---

[1] BlueSky is also named as a defendant.  Although BlueSky appears in the caption as a plaintiff as well, where, as here, a plaintiff brings a shareholder derivative action and alleges that an antagonistic relationship exists between such plaintiff and the controlling members of the corporation, the corporation is treated as a defendant for purposes of determining diversity of citizenship.  See In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234-37 (9th Cir. 2008).

1    A district court has diversity jurisdiction "where the matter in controversy exceeds
2 the sum or value of $75,000, exclusive of interest and costs," see 28 U.S.C. § 1332(a),
3 and is between "citizens of different States," see 28 U.S.C. § 1332(a)(1).  The diversity
4 must be "complete," i.e., the "citizenship of each plaintiff [must be] diverse from the
5 citizenship of each defendant."  See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 & n.3
6 (1996).

7    Here, plaintiffs have failed to allege any facts to support a finding that the instant
8 action is between citizens of different States, as plaintiffs have not alleged the citizenship
9 of any of the four individual plaintiffs or the citizenship of the one individual defendant;
10 rather, plaintiffs only identify the state in which each such individual "resid[es]."  (See
11 Compl. ¶¶ 1-5.)[2]  Such allegations are insufficient to support a finding of diversity
12 jurisdiction, and, indeed, are "fatal" to such a showing.  See Kanter v. Warner-Lambert
13 Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (holding "[a] person residing in a given state is
14 not necessarily domiciled there, and thus is not necessarily a citizen of that state"; finding
15 a "failure to specific [a party's] state citizenship [is] fatal to [an] assertion of diversity
16 jurisdiction").

17    Accordingly, plaintiffs' complaint will be dismissed for lack of subject matter
18 jurisdiction.  See Fed. R. Civ. P. 8(a)(1) (providing complaint must include "a short and
19 plain statement of the grounds for the court's jurisdiction); Fed. R. Civ. P. 12(h)(1)
20 (providing if "court determines at any time that it lacks subject-matter jurisdiction, the
21 court must dismiss the action).  The Court will afford plaintiffs leave to amend to allege, if
22 they can, facts to support a finding that each plaintiff is diverse in citizenship from each
23 defendant.  See 28 U.S.C. § 1653 (providing "defective allegations of jurisdiction may be
24 amended").

25 //

---

[2] Plaintiffs have sufficiently alleged facts that, if true, establish BlueSky is a citizen of California.  (See Compl. ¶ 6 (alleging BlueSky is incorporated in California and has its principal place of business in California).)

## CONCLUSION

For the reasons stated above, the complaint is hereby DISMISSED for lack of subject matter jurisdiction, with leave to amend for the purpose of alleging a sufficient jurisdictional basis exists. Plaintiffs' Amended Complaint, if any, shall be filed no later than July 1, 2016.

**IT IS SO ORDERED.**

Dated: June 10, 2016

MAXINE M. CHESNEY
United States District Judge