IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUESKY COMPANIES INC., a California corporation; PETER VILA; PAUL HUNTER; ANTHONY TULINO; and OLIVER MARKHAM HEALY III,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN HALL, BLUESKY COMPANIES, INC., a California corporation; and DOES 1-40, inclusive,<br><br>Defendants. | Case No. 16-cv-02950-MMC<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

Before the Court is plaintiffs' First Amended Complaint ("FAC"), filed June 10, 2016, in which plaintiffs, who are four individuals who allege they are shareholders in BlueSky Companies, Inc. ("BlueSky"), assert state law claims against defendant Brian Hall, an individual alleged to be a director and officer of BlueSky.[1]  Plaintiffs assert the Court has diversity jurisdiction over the claims in the FAC.  Having read and considered the FAC, the Court, for the reasons set forth below, will dismiss the instant action for lack of subject matter jurisdiction.

A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," see 28 U.S.C. § 1332(a), and is between "citizens of different States," see 28 U.S.C. § 1332(a)(1).  The diversity

---

[1] BlueSky is named in the caption as a plaintiff and a defendant.  As set forth in the Court's order of June 10, 2016, in light of plaintiffs' allegation that an antagonistic relationship exists between plaintiffs and the controlling members of BlueSky, BlueSky is treated as a defendant.

1  must be "complete," i.e., the "citizenship of each plaintiff [must be] diverse from the
2  citizenship of each defendant." See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 & n.3
3  (1996).
4  By order filed June 10, 2016, the Court dismissed plaintiffs' initial complaint,
5  finding plaintiffs had failed to allege any facts to support a finding that the instant action is
6  between citizens of different states.  Specifically, other than alleging sufficient facts to
7  support a finding that BlueSky is a citizen of California, the Court noted plaintiffs had not
8  alleged the citizenship of any of the four plaintiffs or of the one individual defendant.  The
9  Court afforded plaintiffs leave to amend to allege, if they could, facts to support a finding
10  that the parties are diverse in citizenship.
11  In the FAC, plaintiffs now identify the state in which each individual plaintiff and the
12  one individual defendant is a citizen.  As is evident from the face of the FAC, however,
13  the parties are not diverse.  Specifically, plaintiff Peter Vila is alleged to be "a citizen of
14  California" (see Compl. ¶ 1), as are defendant Brian Hall (see Compl. ¶ 5) and defendant
15  BlueSky (see Compl. ¶ 6).
16  Accordingly, as complete diversity is lacking, the instant action is hereby
17  DISMISSED for lack of subject matter jurisdiction, without prejudice to plaintiffs' refiling
18  their claims in state court.
19  **IT IS SO ORDERED.**
20
21  Dated: June 15, 2016
22  MAXINE M. CHESNEY
    United States District Judge